# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00232-CV

**Steven B. Aubrey, Individually, and as Beneficiary of, on behalf of, and for the benefit of the Aubrey Family Trust, Appellant**

**v.**

**United Heritage Credit Union; Wilford P. Schroeder, Jr.; Betsy S. Aubrey, Individually and as Trustee and Income Beneficiary of the Aubrey Family Trust; Richard B. Aubrey, Jr., Individually, and as Remainder Beneficiary of the Aubrey Family Trust; and Thomas A. Aubrey, Remainder Beneficiary of the Aubrey Family Trust, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. D-1-GN-15-003836, HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Steven B. Aubrey filed a notice of appeal on April 4, 2016, from the judgment "signed on January 20, 2016." The clerk's record reflects that the trial court signed an order denying appellant's motion to disqualify appellee Betsy S. Aubrey's legal counsel on that date.

On June 28, 2016, Betsy S. Aubrey filed a motion to dismiss this appeal for lack of jurisdiction because the trial court's order denying appellant's motion to disqualify is not final or an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem. Code § 51.014 (authorizing specified appeals from interlocutory orders); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001) ("A party may not appeal an interlocutory order unless authorized by statute."). This Court requested a response from appellant as to the motion to dismiss. Appellant filed a letter with this

Court, but he did not provide a basis for this Court's jurisdiction over the interlocutory order denying his motion to disqualify. Accordingly, we grant Betsy S. Aubrey's motion to dismiss this appeal for lack of jurisdiction.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Dismissed for Want of Jurisdiction

Filed: July 12, 2016